(75 N. W. Rep. 266.)

---

## THE STATE OF NORTH DAKOTA *vs.* JOHN B. HAYNES.

Opinion filed May 10th, 1898.

### Instructions—Corroboration of Accomplice.

The defendant was charged with burglary. At the close of the evidence defendant's counsel requested the trial court to charge the jury in direct terms that one R., a witness who had testified in behalf of the state, was an accomplice in the burglary, and hence that his evidence, without corroboration, would not sustain a conviction. The request was refused. Under the evidence, *held*, that the refusal was not error.

**Failure to Instruct When no Request Made is Not Prejudicial Error.**

> There was direct evidence from both sides that R. was not an accomplice in the burglary, yet the evidence as a whole tended in some degree to cast suspicion upon R. as an accomplice. The theory of the defendant's counsel was that the testimony showed that R. was a participant in the crime. Under such circumstances it would have been correct practice to have requested the trial court to submit the question of R.'s connection with the crime to the jury, with proper instructions as to the law governing the testimony of an accomplice. No such request was made; hence no error can be predicated upon the failure of the court to so instruct the jury. Mere failure to instruct when not requested to do so is not prejudicial error.

Appeal from District Court, Cass County; *Lauder*, J.

John B. Haynes was convicted of burglary, and appeals.

Affirmed.

*M. A. Hildreth*, for appellant.

In view of the courts charge that there was no direct testimony but the testimony of the witness Reams, he should have instructed that Reams was an accomplice and the refusal of the court to give defendant's request on this subject was prejudicial error. *Knowlan* v. *State*, 19 Ohio Rep. 13; 10 Crim. L. Mag. 172; *Peo.* v. *Ames*, 39 Cal. 403; *Peo.* v. *Thompson*, 50 Cal. 480, Abb. Tr. Cl. Bf. 452. When the testimony against the defendant is that of an accomplice, failure of the court to instruct the jury on the law upon that phase of the case is error. *Brown* v. *State*, 20 S. W. Rep. 924; *State* v. *Coudotte*, 7 N. D. 109, 72 N. W. Rep. 913; 2 Thompson on Trials, § 2427; *Peo.* v. *Elliot*, 106 N. Y. 292. If the jury had been instructed upon the point in question, they might have found that the evidence was insufficient to corroborate Reams. *Peo.* v. *Maine*, 114 Cal. 634; *Peo.* v. *Smith*, 98 Cal 218; *State* v. *Kent*, 4 N. D. 577; 2 A. and E. Enc. L. 393. The court should have charged the language of the statute as to accomplice and the necessity for his corroboration. *Owens* v. *State*, 20 S. W. Rep. 558; *Peo.* v. *O'Neil*, 109 N. Y. 267; *Com.* v. *Holmes*, 127 Mass. 424; *State* v. *Maney*, 54 Conn. 178; 9 Cr. L. Mag. 32.

*Fred B. Morrill, State's Atty.*, for respondent.

The question as to whether or not Reams was an accomplice, was for the jury and not for the court to determine. *State* v. *Lawler*, 9 N. W. Rep. 702; *Peo* v. *Sansome*, 33 Pac. Rep. 202; *Peo.* v. *Bollinger*, 11 Pac. Rep. 799; *Com.* v. *Clover*, 111 Mass. 395; *Dill* v. *State*, 28 S. W. Rep. 950; *Williams* v. *State*, 25 S. W. Rep. 629; 1 A. and E. Enc. L. 2nd Ed. 393. The omission of the trial judge to charge the jury upon a particular point is not error, unless the court is asked to do so at the trial by a proper request. *State* v. *Lawler*, 9 N. W. Rep. 702, 28 Minn. 216.

WALLIN, J. The defendant was accused jointly with one Thomas McKenzie of the crime of burglary in the third degree, and after a verdict of guilty was sentenced to a term in the penitentiary. Upon a statement of the case, embracing only such evidence as bears upon the specific errors assigned upon the record, a motion for a new trial was made and denied. All errors assigned in this court have reference to the instructions to the jury as given, or as requested to be given by counsel and refused. No question as to the sufficiency of the evidence to sustain the verdict arises upon the record. The information charges, and the evidence tends to show, that a burglary was committed on the 16th day of November, 1896, at Hunter, in Cass County, by breaking into the Great Northern depot, and blowing open a safe therein. The fact of the commission of the crime was established by evidence beyond question, and was not controverted by evidence. To connect the defendant with the commission of the offense, the state, among others, introduced one James Ream as a witness, who testified, in substance, that he met both defendants (Haynes and McKenzie) at Mayville, N. D., on or about November 10, 1896, and kept in their company until they reached Moorhead, Minn., on the second day after the burglary. He said further that he was in company with the defendants when they reached the village of Hunter, in the evening preceding the burglary, and that all of them lay down and went to sleep that

evening in the school house at Hunter. He further testified that when he awoke about 3 A. M. the next morning the defendants had just returned from the town, and that he heard them talk about the burglary in the depot. He stated further that all of them quitted Hunter together about 3:30 that morning, and did not part company until they reached Moorhead. This witness testified also that he was not present at the time the safe was blown open, but, on the contrary, was asleep in the school house, and did not know of the burglary until his companions returned, and talked of the matter in his presence. On cross-examination he admitted, in effect, that he had heard enough from his companions before reaching Hunter to satisfy him that some burglary was being contemplated; just where he did not know; he admitted that he was willing to participate in it, but also states that he did not do so as a matter of fact. The defendant McKenzie pleaded guilty to this charge, and was sent to the penitentiary. While there, his deposition was taken, and the same was put in evidence by the defendant. McKenzie testified squarely that the defendant Haynes was not present when the burglary was committed at Hunter, and that he did not participate at all in the burglary. He further testified that "there were two concerned in that burglary, and I was one of them; the other one was Conlin." Referring to the witness James Ream, McKenzie testified that Ream was in company with himself and Conlin for some days previous to the burglary; was at Hunter when the crime was committed, and continued with them until the three reached Moorhead together the second day after the commission of the offense. This witness did not testify in terms that Ream actually participated either in the criminal act or in planning the same.

At the close of the testimony the defendant, by his counsel, requested the court to instruct the jury as follows: "That the witness Ream is an accomplice in this case, and before you can convict the defendant upon the testimony of Ream you must find that he is corroborated by evidence independent from said accomplice tending to connect the defendant with the commis-

sion of the crime " •This request was refused, and the ruling is alleged as error in this court. We are clear that the instruction was properly refused. The evidence in our judgment, tended to show that Ream did not actually commit the offense, or aid in its commission. If he did not, then it would have been manifestly improper to have charged the jury that Ream was an accomplice, and that, consequently, his evidence would require corroboration before a conviction could be had thereon. The theory of the defense is that Ream was an accomplice, and the fact that he was in company with the guilty parties, both before and after the burglary, and the further fact that he admits that he was willing to participate in a burglary if an opportunity offered to do so, lends color to this theory. Upon the evidence we think it would have been proper to request the court to submit to the jury the question of Ream's relations to the crime, with instructions that, if they found that he was an accomplice, his testimony must be corroborated to sustain a conviction. But no such request was made, and under the direct evidence in the case we think the court properly refused to charge in terms that Ream was an accomplice. *State* v. *Lawlor*, (Minn.) 9 N. W. Rep. 698. When not requested to instruct, failure to do so is not reversible error.

The court instructed the jury as follows: "You are further instructed in this case that there is no positive and direct testimony of the defendant's guilt except as to the evidence of the witness Ream. The evidence against him is largely what is termed in law circumstantial evidence." Error is assigned upon this instruction, and counsel contends that the evidence of both McKenzie and Haynes is direct and positive in character, and that both testified pointedly that the defendant Haynes did not participate in the burglary. We fail to see the force of this criticism of the instruction. The record shows that Ream was the only witness who testified directly as to facts tending to show that Haynes was guilty. All other evidence in support of the charge was of a circumstantial character. The fact that both McKenzie and Haynes contradicted Ream does not have any tendency to show

that the court was not entirely correct in saying to the jury that Ream was the only witness who gave positive and direct testimony of the defendant's guilt.

Error is also assigned upon the following instruction: "I charge you further that in weighing the testimony of a witness you should take into consideration his general character, what his business is and has been, who he is, where he comes from, and what his antecedents are, if the same have been proven. These are all circumstances which it is proper for you to consider in determining for yourself just what weight should be given to the testimony of any particular witness, either for the state or for the defendant, who has testified in the case." We fail to see wherein this instruction is faulty. It is purely cautionary, and is fair and impartial as between the witnesses for the state and those of the defendant. It appears that the circumstances of the case warranted some instructions concerning the relative weight of the testimony. The witness Ream, as he admitted on the stand, had been placed in a reform school for bad conduct at the instance of his father, and had escaped therefrom, and was found in company of criminals. The witness McKenzie had pleaded guilty to this burglary, and was in the state's prison when he gave his deposition. These facts would warrant the court in its cautionary observations to the jury to which counsel have excepted. We have carefully read the charge of the court, and are fully satisfied that it embraces a fair and impartial exposition of the law applicable to the evidence and facts of the case, and are satisfied that no substantial right of the defendant has been prejudiced either by the court's instructions to the jury or by its refusal to give instructions requested by counsel. The case turns wholly upon well established principles of law, and therefore we deem it unnecessary to cite further authority to sustain the views we have expressed in this opinion.

The order and judgment will be affirmed. All the judges concurring.

(75 N. W. Rep. 267.)

NOTE—For opinion upon first appeal in this case see *State* v. *Haynes*, Ante 70.