[File No. 1366.]

STATE OF NORTH DAKOTA, Plaintiff, v. HOWARD W. GARRISON, Defendant.

(276 N. W. 693.)

72

Opinion filed December 24, 1937.

*Roy A. Ilvedson,* State's Attorney, and *Milton K. Higgins,* Assistant Attorney General, for plaintiff.

*E. R. Sinkler* and *G. O. Brekke* and *H. L. Halvorson,* for defendant.

PER CURIAM. This is a criminal action brought in the district court of Ward county. An indictment was returned against the defendant

at the regular November, 1937, term of the district court in said Ward county, charging him with the crime of perjury.

On November 15, 1937, the defendant filed an affidavit of prejudice against the Hon. John C. Lowe, the presiding judge, under the provisions of chapter 331, Laws 1923; 1925 Supplement, §§ 7644–7644a6. On the 17th day of November, 1937, this court made an order designating the Hon. W. J. Kneeshaw, one of the judges of the Second Judicial District, to act in the place and stead of the said Judge Lowe. Thereafter the defendant applied for a change of place of trial. Such application was heard before Judge Kneeshaw and on or about December 6, 1937, he entered an order transferring the said cause for trial to the district court of McHenry county. At that time a term of the district court of McHenry county was in session with a jury in attendance. Immediately after the cause had been so transferred and before the case came on for trial the state filed an affidavit of prejudice against Judge Kneeshaw.

The question arises as to whether in the circumstances the state had the right to file an affidavit of prejudice. Defendant's counsel contend that under the statute the order of this court designating Judge Kneeshaw operated to vest him with powers to sit in all further proceedings in the cause without regard to whether the cause remained for trial in the district court of Ward county or whether it was transferred to some other county. Defendant's counsel concede that if the order transferring the place of trial had been made by a judge who had not been designated by this court that either party would have been entitled to file an affidavit of prejudice against the judge who in the ordinary course of his duties would preside at the trial of the cause in the county to which it had been transferred for trial. But they contend that the designation made by the Supreme Court continues until the case is finally disposed of and that, consequently, the plaintiff had no right to file an affidavit of prejudice.

The statute requires that an affidavit of prejudice be transmitted to the Supreme Court and that upon the receipt of the affidavit of prejudice the Supreme Court shall "designate a district judge to act in the place and stead of the judge disqualified." Laws 1923, chap. 331, § 4.

The obvious purpose of the statute was to make provision so that a party having a cause for trial at any term of a district court might obtain a change of judges as a matter of right where he had reason to believe that he could not have a fair and impartial trial before such judge. It was not the purpose of the statute to enable a party to have any one particular judge designated to try the cause. The purpose was to enable the party as a matter of right only to obtain a change of trial judge when he honestly believed the judge presiding over the term would be biased or prejudiced.

The action by the Supreme Court goes no farther than to designate some other district judge "to act in the place and stead of the judge disqualified." The order of the Supreme Court designating a judge to act in the place and stead of a judge who has been disqualified does not confer upon the judge so designated any other or greater powers than those ordinarily possessed by a district judge presiding at a term of the district court and as such acting as a trial judge in any given case. And where a judge who has been so designated by the Supreme Court grants an application for a change of place of trial and orders the trial transferred to another county, the judge so designated will not act as trial judge in the county to which the cause has been sent for trial merely because he was designated by the Supreme Court to act in the place and stead of the disqualified judge. See 33 C. J. 1036; Burns v. State, 192 Ind. 427, 136 N. E. 857. If the judge who orders the change of venue sits as the trial judge in the district court of the county to which the cause has been transferred, he will, of course, act as trial judge; but if the cause is transferred to another district or county and comes on for trial at a term where some other district judge presides, such judge will be qualified to sit as the trial judge.

When an application for a change of place of trial is granted, the case as transferred becomes one of the causes to be tried in the court to which the cause is transferred the same as other causes for trial at the term of the district court at which the cause transferred comes on for trial. The judge who presides at the term of court at which such cause appears upon the calendar for trial will be the trial judge of the

cause so transferred unless of course he happens to be the judge against whom the affidavit of prejudice was formerly filed.

Under our laws a judge of the district court is elected to serve within a given district. N. D. Const. § 104. He is not vested with power to call terms of court or to direct the trial of causes upon the calendar in other districts unless he is called in and designated to sit as a trial judge in such other districts. Therefore when a judge is designated by the Supreme Court "to act in the place and stead" of a judge against whom an affidavit of prejudice has been filed and where thereafter an application for a change of place of trial is made and granted, the judge so designated does not alone by reason of the designation by the Supreme Court continue in charge of the case; but the case becomes one properly triable in the district court of the county to which it has been transferred in precisely the same manner as any other cause properly appearing upon the calendar of such court; and the judge who presides at the trial of other causes at the term at which the cause so transferred for trial comes on for trial will, in the absence of disqualification, serve as trial judge of the cause that has been transferred.

It is undisputed that at the time the order changing the place of trial was entered, and the cause transferred to McHenry county, a term of the district court of McHenry county was in progress with a jury in attendance; and that the presiding judge at such term was the Hon. G. Grimson, one of the judges of the second judicial district. Consequently, in the absence of disqualification, the trial of this cause will continue before him in the same manner as any other cause properly coming on for trial at such term.

CHRISTIANSON, Ch. J., and BURR, NUESSLE and MORRIS, JJ., concur.

SATHRE, J. (disqualified) did not participate.