STATE of North Dakota, Plaintiff and Appellant,

v.

George Alan HUNT, Defendant and Appellee.

Cr. No. 717-A.

Supreme Court of North Dakota.

April 21, 1980.

Charles J. Gilje, State's Atty., Jamestown, for plaintiff and appellant.

Hjellum, Weiss, Nerison, Jukkala & Wright, Jamestown, for defendant and appellee; argued by James Wright, Jamestown.

SAND, Justice.

A complaint was lodged against George Alan Hunt in Stutsman County Court with Increased Jurisdiction on 14 Sept 1978 charging him with aggravated reckless driving (DUI) on 8 Aug 1978 in Stutsman County. The defendant Hunt filed an affidavit of prejudice against Harold B. Herseth, Judge of Stutsman County Court with Increased Jurisdiction. Judge Herseth, in accordance with and pursuant to the provisions of § 27–08–38, NDCC, requested Judge Dennis A. Schneider, of the Burleigh County Court with Increased Jurisdiction, to sit in his stead. Judge Dennis Schneider honored the request. The defendant moved for a change of venue, which was denied on 15 Dec 1978. On 24 Apr 1979 the defendant with counsel, and the assistant state's attorney, appeared before Judge Schneider, at which time the defendant pleaded guilty to the crime of aggravated reckless driving. The transcript of the hearing states:

> "THE COURT: This is the time set for the trial of the case entitled *State of North Dakota v. George Alan Hunt*, a Stutsman County case which this Court was assigned pursuant to a demand for change of judge and disqualification. The matter is being heard in Burleigh County following the Court's granting a motion for a change of venue." [1]

An order changing the venue was never entered.[2]

Judge Schneider sentenced the defendant Hunt to serve one year in Stutsman County jail, eight months to be served commencing 24 Apr 1979 in the following manner: Each day for the first six months the defendant shall report to Stutsman County Jail on or before 8:00 PM and shall be released at or about 8:00 AM the following date, with the exception of Sundays, which the defendant shall serve in their entirety, except during farming season for working purposes. That the defendant shall accumulate for time served on the basis of twelve hours per day for those days that he is released for farming purposes. At the end of the six months,

1. Judge Dennis A. Schneider sent a letter to John E. Greenwood, assistant state's attorney, and to James Wright, attorney at law, counsel for the defendant, on 24 Jan 1979. The letter, as pertinent to the issue involved here, stated:
   "Re: *State v. Hunt*
   "Gentlemen:
   "After reconsidering the motion for change of venue and also considering the convenience of the court and the facilities involved, I am moving this jury trial to Burleigh County. Trial is scheduled to begin at 9:30 a. m. on the 27th of February . . . . If the defense wishes a separate pretrial hearing on the suppression motion, it should be noticed for hearing in Jamestown on February 8th at 10:30 a. m.
   "S/ Dennis A. Schneider
   Burleigh County Judge"

2. The pleadings and documents pertaining to this case, including the sentence, the parole, the transcript of the April 24 hearing, all showed venue in Stutsman County. No explanation has been given why the change of venue was not reflected in the subsequent documents, records, etc.

the defendant shall serve two months in the Stutsman County Jail without release during the daytime as provided above. In said manner the defendant shall accumulate a total of five months and thirteen days served.

The balance of the one year in the Stutsman County jail, after credit for the above mentioned five months and thirteen days credited to the defendant, shall be suspended on the following conditions: (1) The defendant shall not consume any alcoholic beverages for a period of two years, and (2) he shall submit to a breathalyzer test at the request of the sheriff or jailer to determine if he has any blood alcohol content in his system. The order further spelled out details of the conditions under which he would be released.

Apparently the defendant violated the conditions of his release concerning the consumption of alcoholic beverages which brought about revocation proceedings. On 12 Sept 1979 counsel for the defendant and the assistant state's attorney stipulated that a breath test was administered to the defendant on 27 July 1979 which revealed a 0.26 blood alcohol content. It was further stipulated that the defendant had accumulated 53 days' service upon his sentence and that 312 days remained to be served, and that the end of the sentence would be 4 June 1980.

On 18 Sept 1979 the defendant waived any right to a hearing pertaining to the revocation of his suspended sentence and conditional work release, whereupon an order of the court by Judge Schneider was entered on 19 Sept 1979 ordering him to serve the full sentence without work release, to be served in its entirety until 4 June 1980.

Judge Dennis A. Schneider was appointed to the District Court effective 15 Oct 1979, and assumed the duties of the office the same date. Burt L. Riskedahl was appointed to the County Court with Increased Jurisdiction to fill the vacancy which was left by Dennis Schneider's elevation to the District Court and assumed those duties on 15 Oct 1979.

On 6 March 1980 Hunt, pursuant to the provisions of § 12–53–04, NDCC, made an application for parole to the County Court with Increased Jurisdiction, Stutsman County, and gave notice to John E. Greenwood, assistant state's attorney, that his application for parole will be brought on for hearing on the 13 day of March 1980 at 10 o'clock a. m., in the court rooms of the courthouse in Jamestown, North Dakota, before the Honorable Burt L. Riskedahl, or as soon thereafter as counsel may be heard. The state's attorney and assistant state's attorney both filed a return to the application for parole. Neither return challenged the authority of Burt L. Riskedahl sitting as judge in Stutsman County court with increased jurisdiction. The hearing was held in the courtroom of Stutsman County, Jamestown, North Dakota, on 13 March 1980 at 10:30 a. m., and the court on 18 March 1980 issued its order amending judgment of conviction and granting parole. The court amended the defendant's sentence as follows: (1) commencing April 1, 1980, defendant shall be released from the Stutsman County jail between the hours of 8:00 a. m. and 8:00 p. m. under the same terms as set forth in the judgment of conviction dated April 24, 1979. (2) Based on his adjustment while incarcerated, and based on his attaining the status of "trustee" since his incarceration on July 27, 1979, the defendant will be granted a sentence reduction in accordance with the intent of North Dakota Century Code 12–54.1–01(2), totaling 48 days.

Even though the application referred to § 12–53–04, NDCC, the judge granted it under § 12–54.1–01(2), NDCC, which only applies to prisoners in the State penitentiary or farm.

The state's attorney appealed from the memorandum and order amending judgment of conviction granting parole dated March 18, 1980, and at the same time moved the supreme court for an order staying the memorandum and order dated 18 March 1980. The supreme court granted a temporary stay until further order of the court and set an early date for hearing on the merits.

Section 29–28–07 sets forth from what the state may appeal:

"An appeal may be taken by the state from:

1. An order quashing an information or indictment or any count thereof.

2. An order granting a new trial.

3. An order arresting judgment.

4. An order made after judgment affecting any substantial right of the state.

5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the deprivation of the use of the property ordered to be returned or suppressed or of a confession or admission ordered to be suppressed has rendered the proof available to the state with respect to the criminal charge filed with the court, (1) insufficient as a matter of law, or (2) so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed. The statement shall be filed with the clerk of district court and a copy thereof shall accompany the notice of appeal."

In the application for a stay order, and initially in the appeal, it was contended that Judge Riskedahl acted without authority in issuing the parole order from which the State appealed. This was recognized as an issue and the parties were directed to submit briefs covering this specific issue.

We will first consider the question whether or not the order granting parole is appealable.

In *State v. Rueb*, 249 N.W.2d 506 (N.D. 1976), involving the State's right to appeal, we were primarily concerned with the procedures that need to be followed rather than the individual judgment of the trial judge in reducing the sentence. Here we are primarily concerned whether or not the judge had jurisdiction over the case, and if he acted within the authority granted to him.

■■■ We conclude that this appeal is authorized under the provisions of § 29–28–07(4), NDCC, on the basis that an order issued by a judge allegedly having no authority to act in the matter is one which affects the substantial rights of the State. The fact that the authority of the judge must be decided on appeal, and even if it is determined that the judge had authority to act, does not alter the appealability of the order.

We will now consider under what authority, if any, Judge Riskedahl, of the Burleigh County Court with Increased Jurisdiction, acted in considering the application for parole and granting parole to the defendant Hunt.

The statutes under the Title of *County Courts of Increased Jurisdiction* do not provide for a change of venue in criminal cases, but § 27–08–24, NDCC, provides that:

"The provisions of law and rules of practice and procedure applicable to the district courts in civil and criminal actions, including those relating to selection of jurors, issuance and service of process, pleading, adjournments of court, place of trial, trial of actions, taxation of costs, issuance of execution, granting of new trials, preparation of statements of the case, and appeals to the supreme court and the use of provisional remedies, in so far as such provisions of law and rules of practice and procedure are applicable, shall apply to county courts with increased jurisdiction . . . ."

We also note that Rule 1 of the North Dakota Rules of Criminal Procedure provides as follows:

"Except as otherwise provided by statute and in Rule 54, these Rules govern the practice and procedure in all criminal proceedings in the district courts and, so far as applicable, in all other courts, including provisions for violations of municipal ordinances."

Therefore, in addition to the criminal rules we look to the laws pertaining to the district courts in search for the answer.

Earlier case law[3] relating to district courts has been modified and § 29–15–12, NDCC, upon which the case law rested, has been superseded by the adoption of Rule 21, North Dakota Rules of Criminal Procedure. Rule 21(c) as is pertinent to the issue, provides in part:

". . . and the judge ordering the transfer [change of venue] shall preside at the trial."

To resolve this principal primary issue, it is necessary to determine if a change of venue was ordered by a judge having the authority to issue such order, and if a change of venue was ordered, to which county.

The judge (Schneider) wrote a letter, set out earlier herein, to the attorney for the defendant, and to the assistant state's attorney, advising that he had reconsidered a motion for change of venue (which had been denied earlier) and that he was moving the trial to Burleigh County, but nevertheless the official documents and court proceedings were shown as venued in Stutsman County rather than in Burleigh County. Neither the state's attorney nor the attorney for the defendant presented a written order directing the change of venue to the judge for his signature. The official documents continued showing the venue in Stutsman County in spite of the judge's statement in open court that the case entitled "State of North Dakota v. George Alan Hunt" is being heard in Burleigh County following the court's granting a motion for change of venue. The statement in open court was made immediately preceding the defendant's change of plea from "not guilty" to "guilty" and the sentencing that followed. If a change of venue was in fact not granted, Judge Schneider was without authority to hear the case in Burleigh County. He was designated as the trial judge in Stutsman County but not in Burleigh County.

Although all of the official papers, proceedings, etc., showed the venue of the case in Stutsman County, we must nevertheless resolve the principle question whether or not a change of venue in fact was made but not properly recorded by taking into account all of the facts relating to this question.

■ The Iowa Supreme Court in *State v. Reeves*, 254 N.W.2d 488 (1977), said that the defense counsel has a clear professional responsibility to assist in the making of a record showing the guilty plea to be intelligent, voluntary, and accurate. To this we can add that the defense counsel also shares some responsibility in providing that the record reflect what actually occurred. In a similar vein, the state's attorney is obviously charged with a similar, if not a greater, responsibility. For that matter, the responsibility also equally rests upon the judge. In *LaPire v. Workmen's Compensation Bureau*, 111 N.W.2d 355, 369 (N.D.1941), the court in effect held that if counsel for the State fails to protect the interest of the State and this becomes apparent to the court, the court should see to it that the public interests are protected. It seems this principle should have been applied here, but it wasn't.

This raises the further question: Who must bear the brunt of the discrepancy? Is it the defendant, the state's attorney's office, the presiding judge, or the people of the State? During oral argument, the state's attorney all but abandoned his contention that Judge Riskedahl was acting without authority because of the change of venue. The resulting discrepancy in this

---

**3.** The cases of *State v. Garrison*, 68 N.D. 71, 276 N.W. 693 (1937), and *State v. Thomason*, 76 N.D. 125, 34 N.W.2d 80 (1948), based upon § 29–15–12, NDCC, which is now superseded, held that where a judge who had been designated to act in place of a judge who had been disqualified, granted an application for change of place of trial and ordered trial transferred to another county, judge could not himself act as a trial judge in that other county merely because he was designated by the supreme court to act instead of the disqualified judge, but the judge of that other county would, in absence of disqualification, serve as trial judge. See also, *State v. Marty*, 52 N.D. 478, 203 N.W. 679 (1925). Section 29–15–12, NDCC, upon which the case law was developed, has been superseded with the adoption of Rule 21 of the North Dakota Rules of Criminal Procedure.

instance can be shared by the defense counsel, the state's attorney's office, and the presiding judges. But we are reluctant to rest the blame upon the defendant alone. There must be a way other than punishing the defendant for the discrepancy which we believe cannot be condoned. But that is a matter that is not presently before us.

In addition to the foregoing, the abstract of the driver's license division showed defendant Hunt convicted of reckless driving in Burleigh County on 4 April 1979.

■ We conclude from the foregoing that a change of venue from Stutsman County to Burleigh County was, in fact, ordered by Judge Schneider but the parties responsible simply failed to have an order prepared for the judge's signature and to have it filed in the appropriate office. We do not believe that the defendant should suffer the consequences resulting from the failure of having a written order prepared, signed, and filed in the proper place.

Having reached the conclusion that a change of venue, in fact, was ordered by Judge Schneider then it necessarily follows that the case was venued in Burleigh County, and Judge Riskedahl, being the successor to Judge Schneider, had the same authority that Judge Schneider had, and as such had general jurisdiction and control over the case. However, there are other issues which need to be resolved.

We will now consider the question under which statute or rule, if any, may a parole be granted to a person sentenced to a county jail.

The order granting the requested parole stated that the reduction of sentence was in accordance with the intent of § 12–54.1–01(2), NDCC. This section came into being as a result of § 1 of Ch. 117 of the 1977 Session Laws. The opening statement of this section, in part, provides:

"Offenders sentenced to the penitentiary or state farm shall be eligible to earn good conduct sentence reductions. . . ."

Furthermore, the title to Ch. 117 of the 1977 S.L. states:

"An ACT to provide good conduct and merit sentence reductions for penitentiary and state farm inmates; providing for retroactive effect; and declaring an emergency."

From this it can be readily determined that § 12–54.1–01, does not apply to persons sentenced to the county jail.

■ Rule 35 of the North Dakota Rules of Criminal Procedure at first blush would appear to apply particularly because of the provisions of Rule 1, NDRCrimP, set out earlier herein. However, we must take into consideration § 12–53–04, NDCC, which provides:

"*Probation and parole from county jail.*—As a part of an order suspending a sentence to imprisonment in a county jail upon a conviction for a misdemeanor, the court may place the defendant on probation or may order him released on parole, and such order may be made before or after his incarceration pursuant to such sentence."

This section is limited to prisoners sentenced to the county jail, whereas Rule 35, NDRCrimP, has general application. Furthermore, we note that Rule 35 considered § 12–53–04, NDCC, but did not supersede it, which means that this section continues in full force and effect, and being a law having limited and special application it prevails over a rule having general application.[4] We therefore conclude that § 12–53–04, NDCC, applies to a situation where the person is sentenced to a county jail and continues to apply while the person is so incarcerated.[5]

---

4. Section 12–53–04, NDCC, under prior provisions of construction could have been superseded but not under § 80 of the new Judicial Article could it be superseded.

5. From the provisions of Ch. 12–54.1 and Ch. 12–53; *State v. Gronlie* and *State v. Heck*, 213

N.W.2d 874 (N.D.1973); and specifically § 12–53–05, NDCC, which provides:

"The supreme court may adopt rules for the district courts and the county courts with increased jurisdiction relating to the systems of probation and parole from county jails."

We now come to the final issue. What legal effect, if any, did the fact that the hearing on the request for probation was held in the courtroom at Jamestown, North Dakota, in Stutsman County, whereas Judge Schneider previously had issued an order changing venue from Stutsman County to Burleigh County. The record does not disclose that a change of venue was accomplished from Burleigh County to Stutsman County.

The application for parole dated 6 March 1980 made by the attorney for the defendant contained the following caption:

"STATE OF NORTH DAKOTA        IN COUNTY COURT
"COUNTY OF STUTSMAN     WITH INCREASED JURISDICTION"

The same information was on defendant's affidavit in support of the application for parole. The notice of hearing on the application for parole stated as follows:

> "PLEASE TAKE NOTICE that the Application for Parole, filed by the Defendant, George Alan Hunt, will be brought on for hearing on the 13th day of March, 1980, at 10:30 o'clock in the Courtrooms of the Courthouse in Jamestown, North Dakota before the Honorable Bert L. Riskedahl, or as soon thereafter as counsel may be heard."

The return to the application for parole by both the state's attorney and the separate return by the assistant state's attorney were captioned the same as the application. In addition, the return of the assistant state's attorney stated that it was "Before Hon. Harold B. Herseth, Judge". The court's minutes are made on a form which listed the place of trial as State of North Dakota, County of Stutsman, in County Court with Increased Jurisdiction, and, finally, the memorandum and order granting parole contained the same caption as that on the application set out earlier. Subsequent docket entries relating to this matter also showed that the proceedings were in Stutsman County, including the notice of appeal, which contained the same information as the memorandum and order, as to location of trial and venue. All of the

pertinent records, including the transcript of the hearing, disclosed and showed that the hearing on the application for parole was conducted in the courtrooms at Jamestown, North Dakota, in Stutsman County. No application had been made, nor was an order issued changing the venue back to Stutsman County from Burleigh County. In determining what legal effect this may have had, we must also take into consideration that the hearing did not involve a jury trial.

■ Venue is a right or privilege which may be waived or lost by failure to assert it timely. 21 Am.Jur.2d *Criminal Law* § 401, page 418. See also, § 1–01–08, NDCC.

While we are concerned with the venue, as such, we are, however, more concerned with the jurisdiction, if any, Judge Riskedahl had over the petition or application for parole because the hearing was held in Stutsman County. The jurisdiction of the judge is of prime importance even though the actions of the defendant, or State, or both, may have constituted a waiver as to venue.

■ A county court with increased jurisdiction is basically a county court which has been given increased jurisdiction. Its jurisdiction generally is limited to matters within the geographical area of the county unless specifically otherwise provided by law. Its powers and duties are derived from the constitution or statutes. See, §§ 110 and 111 of the North Dakota Constitution, as it existed prior to the new Judicial Article. See *In re Anderson's Estate*, 76 N.D. 163, 34 N.W.2d 413 (1948). See also, *State ex rel. Agnew v. Schneider*, 253 N.W.2d 184 (N.D. 1977), in which we concluded that the county courts continue to exist until otherwise changed by the legislature.

■ A review of both chapters 27–07 and 27–08, NDCC, compel the conclusion that the county judge with increased jurisdiction has authority only within the geographical limits of the county unless jurisdiction is

---

it appears that the ordinary parole procedures and supervision by the parole board have no application to prisoners sentenced to the coun-

ty jail, which is another reason why § 12–53–04, NDCC, must be considered separately as controlling.

extended pursuant to some special proceedings such as § 27–07–20, NDCC, relating to disqualification of judges, and Rule 21, NDRCrimP, relating to the procedure to be followed in the event of a change of venue or change of judge.

The instant case, *State v. Hunt*, was initially venued in Stutsman County because the offense took place in that county. Pursuant to the request of the county judge of Stutsman County, made in accordance with § 27–07–20, NDCC, Judge Schneider acquired jurisdiction of the case and assumed the position of trial judge. Judge Schneider later changed the venue of the case to Burleigh County. Judge Riskedahl, as successor to Judge Schneider, acquired jurisdiction of the case heard only in Burleigh County. We significantly note that no change of venue from Burleigh County was made nor did anyone take any action conferring jurisdiction upon Judge Riskedahl to sit as trial judge in this case in Stutsman County, and as a result the case is still venued in Burleigh County.

From these facts we must necessarily conclude that Judge Riskedahl had no jurisdiction to sit as the trial judge in Stutsman County on the petition for parole and that any action taken by him on this case in Stutsman County is without authority and is null and void.

In accordance with our conclusions that the venue was changed to Burleigh County and no competent order of any kind has changed the venue to another county, we therefore remand this case to the Burleigh County Court with Increased Jurisdiction with directions that an appropriate order confirming the verbal order of Judge Schneider changing the venue from Stutsman County to Burleigh County be executed and filed in the proper offices and that the order granting the application for parole to defendant Hunt be set aside and vacated. The Burleigh County court, however, is not prevented from hearing the same or similar petition or application for parole, as a Judge of the Burleigh County Court sitting in Burleigh County, instead of in Stutsman County. The Burleigh County

court may issue any appropriate order, including a nunc pro tunc order, whenever deemed appropriate, except as to matters pertaining to the application for parole and parole itself.

Because of the final conclusion reached herein it will not be necessary to determine whether or not the judge otherwise exercised sound discretion in granting the application for parole under the facts pertinent in this case.

ERICKSTAD, C. J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.