[File No. Cr. 165.]

THE STATE OF NORTH DAKOTA, Respondent, v. K. W. RICKEL, Appellant.

(286 N. W. 895.)

Opinion filed June 27, 1939.

*Leland J. Smith,* for appellant.

*Alvin C. Strutz,* Attorney General, *Ralph F. Croal,* State's Attorney, and *Odin J. Strandness,* Assistant State's Attorney, for respondent.

BURR, J.   The information charged the defendant with operating a motor vehicle upon the streets of Tower City, Cass county, while under the influence of intoxicating liquor, the prosecution being had under the provisions of §§ 2 and 62 of chap. 162 of the Session Laws of 1927. The defendant was convicted and moved for a new trial.   This motion was denied and the sentence of fine and imprisonment was inflicted.

The appeal is from the order denying the motion for a new trial and is based upon the same specifications of error.   These allege that: chap.

162 of the Session Laws of 1927 is unconstitutional in so far as it attempts to punish for operating a motor vehicle while under the influence of intoxicating liquors; "That the court erred in overruling the objection of the defendant to the taking of testimony on the ground that the information failed to state facts sufficient to constitute a public offense;" that the court erred in numerous rulings in the introduction of testimony; that the court erred in admitting the testimony of witnesses whose names were not indorsed upon the information; that the counsel for the state was guilty of misconduct in his address to the jury; and that the evidence is insufficient to sustain the conviction.

The objection to the constitutionality of chap. 162 of the Session Laws of 1927 is based upon the claim that it violates § 61 of the state Constitution in that the title to the act is not sufficiently broad to cover that portion of the act dealing with this prosecution; and that if the title to the act be broad enough to provide penalty for violation of any of the provisions, nevertheless it is not sufficiently broad to include the penalty of imprisonment.

The title is: "An Act Regulating the Operation of Vehicles on Highways and Providing for Traffic Signs and Signals and Defining the Power of Local Authorities to Enact or Enforce Ordinances, Rules or Regulations in Regard to Matters Embraced within the Provisions of This Act and to Provide for the Enforcement of This Act and the Disposition of Fines and Forfeitures Collected Hereunder and to Make Uniform the Law Relating to the Subject Matter of This Act."

The defendant says that if the phrase "to Provide for the Enforcement of This Act" is broad enough to permit a prosecution for any offense described in the act, nevertheless the phrase which follows—"and the Disposition of Fines and Forfeitures Collected Hereunder"—limits the penalty to mere fines and forfeitures, that the latter phrase makes no provision for imprisonment, and therefore the inclusion in § 62 of the penalty of imprisonment is the inclusion of a subject not within the title. The specification of error dealing with the overruling of the objection to the taking of testimony is based upon the same grounds. Such matters are settled in the case of State v. Colohan, ante, 316, 286 N. W. 888, decided at this term, and need not be considered here. These specifications of error are not well founded.

The alleged errors in the rulings of the court on the introduction of

testimony, broadly speaking, are based more upon the subjects of examination allowed and disallowed rather than the forms of question. The basis of the prosecution was a collision between a car driven by the defendant and one owned and driven by the witness Wishnvski. This witness testified as to the collision on a public street of Tower City, the intoxicated condition of the defendant at that time, the immediate arrest of the defendant, and some proceeding before a justice of the peace two days afterwards involving either a claim for damages to his car or some other matter, the record being extremely indefinite in this respect. The defendant attempted to show that in this proceeding Wishnvski had been paid some twenty dollars, and, objection being made by the state, defendant claimed he had a right to show that the amount Wishnvski was more than what the latter paid for the fixing of the car and the repairing of the damages. Defendant's counsel, in his colloquy with the trial court in this case, states his understanding of the court's ruling to be that he was "foreclosed from inquiring or from establishing that the amount that the witness received through this court proceeding in the Justice of Peace court in Tower City was more than what he actually paid or what it cost him to fix up his car." We see no error in the ruling of the court in this matter.

The defendant claims the court erred in admitting testimony of certain witnesses relative to the intoxication of the defendant at a time subsequent to the collision and too remote. The testimony of the state shows that at the time of the collision the defendant was under the influence of intoxicating liquor. While defendant was arguing with Wishnvski at the time of the collision Mrs. Wishnvski went for the marshal, who found the defendant in a poolroom about an hour after the collision. There is testimony that the defendant went to another poolroom shortly afterwards. Witnesses testified as to his intoxicated condition at that time, which was all within an hour after the collision. There is testimony that he did not purchase any intoxicating liquors in the poolroom and testimony that he did—the state offering testimony that the defendant did not buy liquor at that time. The evident purpose was to show that the intoxication of the defendant while in the poolrooms, as testified to by witnesses and admitted by the defendant, was the result of liquor imbibed prior to the collision. Defendant cites the case of State v. Hamer, 223 Iowa, 1129, 274 N. W. 885, to the

effect that evidence showing a motorist "was allegedly intoxicated about a half hour after accident gave rise to no presumption that intoxicated condition was continuation of condition at time of accident." This Iowa case is of no value to us because in that case there was no testimony of intoxication at the time of the collision and the state was attempting to prove that because of intoxication a half hour after the accident there would be a presumption that he must have been intoxicated some time prior thereto. In the case at bar there is testimony that the defendant was intoxicated at the time of the accident, that his movements were accounted for from that time until the time the witnesses involved saw him drunk, that he did not buy intoxicating liquors in the meantime and yet was intoxicated when in the poolrooms. The defendant denied intoxication at the time of the accident and admitted getting drunk afterwards, but the testimony was competent to show that the condition of the defendant ran back to the time of the accident. The rule set forth in State v. Hopperstad, ante, 65, 283 N. W. 785, is applicable here. The marshal of Tower City took the defendant into custody about twenty minutes after the accident; defendant's movements are fairly well accounted for thereafter until the time he admits being drunk. The time is not too remote, and the court charged the jury properly with reference thereto.

It is urged the court erred in permitting a witness to testify that the defendant at the time of the collision was in possession of a bottle of whiskey and offered a drink to two witnesses. Immediately after the accident the defendant rode from the scene of the accident to the main street of the town with two men who were driving into town and who came to the scene of the collision almost immediately after the accident. One of them testified that at that time, while the defendant was standing at the scene of the accident quarreling with Wishnvski, the defendant "seemed a little unsteady on his feet, rather wobbly, and quite happy and talkative." Both testified that defendant offered them a drink of whiskey. One of them testified before the close of the state's case, and the other testified on rebuttal after the defendant testified he was not intoxicated at the time of the accident, did not have any whiskey with him, did not have a bottle of any kind, and did not offer anybody a drink. There was an objection that all this was irrelevant and had no bearing on the issues, but the court overruled the objection.

The defendant admitted that he was under the influence of liquor that afternoon before he came to town, denied he was under the influence of liquor while he was coming to town, and admitted he became intoxicated within a short time after the accident and while in Tower City. No error has been shown in any of the rulings made. The issue was the condition of the defendant when driving. If he had a bottle half full of whiskey with him in the car at the time of the accident, this could be shown.

At the beginning of the trial the state's attorney moved for leave to indorse the names of three witnesses on the information. This was permitted over the objection of the defendant. The state's attorney showed the court that "at the time the Information was drawn these witnesses were unknown to the state," and that he did not learn of them until the day before the trial. There was no error in this action of the court. This matter has been decided too uniformly, continually, and consistently to need further discussion. See State v. Albertson, 20 N. D. 512, 128 N. W. 1122; State v. Marty, 52 N. D. 478, 203 N. W. 679.

The allegation of error with reference to the claimed misconduct of the counsel for the state is based upon a statement of the counsel made while addressing the jury on rebuttal, to the effect that a witness, whose name was indorsed upon the information and who was one of the men the marshal took with him when he was called to the scence of the accident, was in California at the time of trial and therefore could not be called to testify. Counsel for the defendant objected to this statement "because it is not properly a matter for argument, there being no evidence offered on the subject nor explanation made of it prior to the state closing its case." There is dictated into the record a statement that the counsel for the defendant had argued to the jury, "the fact that two of the witnesses were not called upon the stand and was attempting to discredit the state's case for that reason." The only record made by the court on this matter is the statement by the court—"The record is made. That is all that is necessary." If the counsel for the defendant attempted in his argument to the jury to make a point of the fact that a witness whose name was indorsed upon the information was not called to testify, it was natural for counsel for the state to remark that the witness was in California and could not be present. No

harm has been shown even if the remark should not have been made. It was an explanation invited by the defendant himself. No prejudicial error has been shown thereby.

The specification of insufficiency of the evidence is not well taken. There is evidence showing that at the time of the accident Wishnvski was as far over to his right-hand side of the road as it was possible for him to get, that he had stopped his car, that the defendant was coming out of town and was on the wrong side of the road at the time when the two cars came together, that he was under the influence of intoxicating liquor at that time, that he wobbled when he got out of the car and fell on the street, that on riding a block or two to the main street defendant had a bottle of whiskey with him and offered a drink to the two men who gave him a ride, that he was under the influence of liquor before he started for Tower City and was drunk while in Tower City a short time after the accident. He denied intoxication at the time of the accident, claiming that he slipped on account of the icy condition of the road, denied having whiskey with him or offering a drink, and stated that he became intoxicated because of beer that he bought in the saloons of Tower City, but it was for the jury to determine this fact and the verdict will not be disturbed. No error being shown on this appeal, the order denying a new trial is affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, MORRIS, and BURKE, JJ., concur.