**STATE of North Dakota, Plaintiff and Appellee,**

v.

**David TETUKEVICH, Defendant and Appellant.**

Cr. No. 816.

Supreme Court of North Dakota.

Oct. 20, 1982.

Robert G. Hoy, State's Atty., Fargo, for plaintiff and appellee; submitted on brief, oral argument waived.

Bruce C. Britton, Fargo, for defendant and appellant; submitted on brief, oral argument waived.

SAND, Justice.

David Tetukevich appealed from a judgment of conviction for theft of property, a class C felony, and theft of services, a class B misdemeanor.

Tetukevich's conviction was based primarily on the testimony of employees at Schumacher Goodyear in Fargo, North Dakota, who identified Tetukevich as the person who authorized work on the front alignment of a Chevrolet Camaro on 24 July 1978, and who, on 29 July 1978, purchased four tires which were mounted on a Pontiac Trans Am.

Wesley Koskela, the service manager at Schumacher Goodyear, testified at Tetukevich's trial and identified the individual as Tetukevich, who authorized the work on the Camaro at the Goodyear Store on 24 July 1978. On that date the front alignment of the Camaro was examined and worn parts were replaced. An invoice was prepared which contained a notation that the buyer's name was Fargo National Bank in care of John Anderson. The invoice was signed with the name Randy Neuman and reflected that the value of the labor contributed on 24 July 1978 was $36.95.

Scott Satran, the assistant manager at Schumacher Goodyear, testified at trial that on 29 July 1978 an individual purchased four tires from Schumacher Goodyear which were mounted on a Pontiac Trans Am. An invoice concerning this transaction was prepared which reflected that the buyer's name was Fargo National Bank in care of John Anderson, and that the value of the tires, including tax, was $356.03.

The invoice was signed with the name Robert A. Durand. Satran identified Tetukevich at trial as the individual who charged the tires on 29 July 1978. Additionally, Koskela testified that the individual who authorized the work on the Camaro on 24 July 1978 and who charged the tires on 29 July 1978 was the same person and was Tetukevich.

Schumacher Goodyear billed Fargo National Bank in care of John Anderson for the labor and for the tires; however, Fargo National Bank did not pay Schumacher Goodyear because the work and tires were not authorized by the Bank nor did it have an employee named John Anderson. Mark Naumann, the indirect lending and collections manager at the Bank, testified that repair work upon repossessed automobiles would have been authorized by his department. Naumann further testified that he had never heard of John Anderson, Randy Neuman, Richard A. Durand, or David Tetukevich, and that none of those individuals were authorized to charge auto repair work to the Bank.

Tetukevich was ultimately apprehended and charged with and tried for theft of property, a class C felony, and theft of services, a class B misdemeanor. A jury verdict of guilty was returned and a judgment of conviction was entered. Tetukevich was sentenced to 30 days in the Cass County jail on the theft of services charge to be served concurrently with five years in the state penitentiary for the theft of property charge. Tetukevich appealed to this Court.

Tetukevich contended that the evidence presented by the State was insufficient to prove his guilt beyond a reasonable doubt; and that, therefore, the State did not overcome the presumption of his innocence. To support his argument, Tetukevich pointed out that no evidence was presented by the State to establish that he actually signed the invoices; that he ever used the names Randy Neuman or Richard A. Durand; that his handwriting was the same as the signatures on the two invoices; and that the State's witnesses actually saw him drive the Camaro or Trans Am into or out of Schumacher Goodyear on the dates in question. Tetukevich's argument, as we understand it, is that these deficiencies in the evidence make the State's evidence insufficient to identify him as the individual who authorized the work on the Camaro and who purchased the tires.

In *State v. Olmstead,* 246 N.W.2d 888, 890 (N.D.1976), we stated:

"In criminal cases we have repeatedly held that 'at the appellate level we do not substitute our judgment for that of the jury or trial court where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants a conviction.' *State v. Kaloustian,* 212 N.W.2d 843, 845 (N.D. 1973), and cases cited therein; *State v. Neset,* 216 N.W.2d 285, 287 (N.D.1974)."

With this standard of review in mind, we believe the State's evidence, as recited earlier, and the inferences which may be drawn from that evidence constitute a sufficient basis for the trier of fact to conclude that Tetukevich was in fact the individual who authorized the repairs to the Camaro and who purchased the tires for the Trans Am.

Accordingly, the judgment of conviction is affirmed.

ERICKSTAD, C.J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.