Sept. 4, 1985.

**CITY OF BISMARCK, Plaintiff and Appellee,**

v.

**Roy PRESTON, Defendant and Appellant.**

**Cr. No. 1075.**

Supreme Court of North Dakota.

Oct. 1, 1985.

Paul H. Fraase, Asst. City Atty., Bismarck, for plaintiff and appellee.

Ralph A. Vinje, of Vinje Law Firm, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

This action involves the admission of evidence of an alcohol breath test at a court trial. The lower court admitted the test result as circumstantial evidence of Roy Preston's intoxication, and Preston takes exception to the use of the evidence. We affirm.

On April 19, 1984, at approximately 8 p.m., Joseph and Vicky Mills observed Roy Preston operating his vehicle in an erratic and dangerous manner. Preston backed into the Millses' vehicle, causing minimal damage. After a short conversation with Joseph Mills, Preston left the scene. The Millses then left the area and, about one block away, found Police Officer Emmert and informed him of the incident. Officer Emmert and the Millses returned to the scene. Joseph Mills spotted Preston's vehicle in a parking lot and pointed it out to Officer Emmert. At about the same time that Officer Emmert and the Millses ar-

rived at the vehicle, which was at approximately 8:11 p.m., Preston approached them. In talking with defendant about the accident, Officer Emmert observed the smell of alcohol and that Preston's balance was unsteady. Officer Emmert administered several physical tests and then placed Preston under arrest. An alcohol breath test was administered at the police station.

At trial Preston attempted to show that substantial time had passed between the accident and Preston's return to his parked vehicle, and during that time he consumed alcohol. Preston asserts that the lapse of time, coupled with his consumption of alcohol during that time-period, renders the result of the test irrelevant and prejudicial. We cannot agree. The lower court used the test in conjunction with the Millses' observations of Preston in determining whether Preston was under the influence of alcohol at the time of the accident. The lower court refused to employ the test as "conclusive evidence that Mr. Preston had in his blood system at the time of the accident more than 0.10 percent of alcohol by weight." The court did, however, use the test as circumstantial evidence of Preston's violation of § 35–148(a)(2), Code of Ordinances of the City of Bismarck.[1]

■ Since the result of the alcohol breath test has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" [Rule 401, N.D.R. Ev.], the evidence is relevant. See, e.g., *State v. Allery,* 371 N.W.2d 133 (N.D. 1985). And because of the lower court's limited use of the evidence due to the lapse in time and the fact that Preston consumed more alcohol during that time-period, the evidence cannot be considered prejudicial. Nor is it possible to conclude that the use of the test result "induced the trial court to make an essential finding which would not otherwise have been made." *Piper v. Piper,* 239 N.W.2d 1, 4 (N.D.1976).

■ According to Section 39–20–07(5), N.D.C.C., an alcohol breath test cannot be

---

1. The municipal ordinance is identical to the State statute that governs driving while under the influence of intoxicating liquor or controlled substance. See § 39–08–01, N.D.C.C.

admitted into evidence unless the test is properly obtained, fairly administered, and administered according to methods approved by the state toxicologist by an individual certified to administer the test. Preston contended in oral argument that the test was not "fairly administered" because of the consumption of alcohol between the time of the accident and the administration of the test, thereby making the admission of the test improper. We do not agree. Under the facts of this case, the test was fairly administered. See, e.g., *State v. Puhr*, 316 N.W.2d 75 (N.D.1982).

The facts in this case justify the lower court's use of the alcohol breath test as evidence of Preston's level of intoxication. The evidence, taken in light of the view most favorable to the State [see *State v. Manke*, 328 N.W.2d 799, 805 (N.D.1982)], demonstrates that a minimal amount of time had elapsed between the accident and the administration of the test. As such, admission of the test as circumstantial evidence in a court trial is proper.

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.