**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Mark MATUSKA, Defendant and Appellant.**

**Cr. No. 1114.**

Supreme Court of North Dakota.

Dec. 18, 1985.

---

**3.** The two remaining issues concerning specific performance and discovery sanctions do not

warrant discussion.

James F. Twomey, Asst. State's Atty. (argued), Fargo, for plaintiff and appellee.

C. Charles Chinquist (argued), Fargo, for defendant and appellant.

ERICKSTAD, Chief Justice.

The defendant, Mark Thomas Matuska, appeals from the judgment of conviction of burglary. We affirm.

Matuska was initially charged with seven counts in a complaint filed January 29, 1985. Counts one and four were burglary in violation of Section 12.1–22–02, N.D.C.C. The remainder of the counts were theft of property (possession of stolen property) in violation of Section 12.1–23–02, N.D.C.C. At the conclusion of a trial without a jury, Matuska was found guilty of counts one, two, three, and six. It is only the conviction of count one, the burglary conviction, which Matuska appeals. Matuska has not challenged the finding that a burglary occurred. His only contention is that the evidence presented by the State, which is entirely circumstantial evidence, is not sufficient to uphold his conviction for the burglary.

The burglary in question occurred at a hair salon in Fargo, North Dakota, known as Artistry Science-N-Hair Company which is located on the main floor of an apartment building. On December 17, 1984, the day before the burglary, Rebecca Upton, the receptionist at Artistry Science-N-Hair, observed Matuska enter the building with a laundry bag three or four times. Rebecca Upton testified that she assumed Matuska was working for a linen service and was picking up laundry because many of the residents in the building were elderly and in need of a delivery linen service. She also stated that the first two times Matuska entered the building the laundry bag was empty, and when he left the bag was full. The last time, Matuska entered the building with the bag empty, then left the building approximately three seconds later with the bag still empty.

The time of the burglary was between closing on December 17, 1984, and 8:00 a.m., December 18, 1984. Ervin Thompson, a resident of one of the apartments above Artistry Science-N-Hair, testified that at approximately 4:00 a.m., December 18, 1984, he heard some conversation in the entranceway outside of Artistry Science-N-Hair and saw a car parked in the parking ramp of the apartment building. He described the car as an older model, white with two doors and medium sized. It was later shown that Matuska owned a white, two-door, 1964 Pontiac LeMans.

An investigation of the burglary revealed that entry into Artistry Science-N-Hair was made by forcing the dead bolt lock and handle on one of the doors leading into the business and suggested the lock was forced with the aid of a pliers type tool and a claw hammer. During the search of Matuska's white 1964 LeMans, the police seized a channel lock (vise grip) pliers and a claw hammer which were found next to each other in the back of the car on the floor board.

Among the items taken from Artistry Science-N-Hair during the burglary was a portable Sylvania 5-inch screen, AM/FM radio/TV serial #31719211. During a search of the Matuska house the police recovered, from an upstairs bedroom, the Sylvania 5-inch screen, AM/FM radio/TV that had been stolen from Artistry Science-N-Hair two days prior.

A Metropolitan bank bag containing money from the previous day's business along with extra on-hand change was also taken from Artistry Science-N-Hair during the burglary. A Metropolitan bank bag containing an assortment of change and matching the description of the Metropolitan bank bag missing from Artistry Sci-

ence-N-Hair was discovered under the driver's seat of Matuska's white 1964 LeMans. Karen Moore, a manager of Artistry Science-N-Hair, testified that the bank bag seized from Matuska's car was "just like" the bank bag taken from Artistry Science-N-Hair during the burglary.

Matuska's only contention on appeal is that the evidence presented at trial, which consists entirely of circumstantial evidence, is insufficient to justify his conviction for burglary. We have been presented with this issue in a number of cases and have consistently relied on the following rules:

1. A verdict based upon circumstantial evidence carries the same presumption of correctness as other verdicts and will not be disturbed on appeal unless it is unwarranted.

2. A conviction may be justified on circumstantial evidence alone if it is of such probative force as to enable the trier of fact to conclude that the defendant is guilty beyond a reasonable doubt.

3. At the trial level, circumstantial evidence must be conclusive and must exclude every reasonable hypothesis of innocence.

4. · The role of the appellate court is merely to review the record and determine if there is competent evidence that allowed the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction.

5. On an appeal challenging the sufficiency of the evidence, the defendant must show that the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inferences of guilt. We will reverse the decision of the trier of fact only if the record presents no substantial evidence to support the verdict.

*See State v. Ohnstad,* 359 N.W.2d 827 (N.D.1984); *State v. Lawenstein,* 346 N.W.2d 292 (N.D.1984); *State v. Olson,* 290 N.W.2d 664 (N.D.1980); *State v. McMorrow,* 286 N.W.2d 284 (N.D.1979); *State v. Allen,* 237 N.W.2d 154 (N.D.1975); *State v. Carroll,* 123 N.W.2d 659 (N.D. 1963).

Upon reviewing the record in this case and applying the above rules concerning circumstantial evidence, we conclude that in the light of the totality of evidence it is sufficient to support the conviction appealed from. Accordingly, we affirm the judgment of conviction.

GIERKE, MESCHKE, LEVINE and VANDE WALLE, JJ., concur.