**CITY OF BEACH, Plaintiff and Appellee,**

v.

**James E. KRYZSKO, Defendant and Appellant.**

Cr. No. 880139CA.

Court of Appeals of North Dakota.

Jan. 17, 1989.

Howe, Hardy, Galloway & Maus, P.C., Dickinson, for plaintiff and appellee; argued by Gerald D. Galloway.

Freed, Dynes, Reichert & Buresh, P.C., Dickinson, for defendant and appellant; argued by Eugene F. Buresh.

BAKKEN, Chief Surrogate Judge.

James E. Kryzsko appeals from a judgment of conviction entered upon a jury verdict finding him guilty of disorderly conduct in violation of Section S4–3(a) and (b) of the ordinances of the City of Beach.[1] He asserts that the City failed to produce sufficient evidence to support the conviction. We affirm.

On the afternoon of April 23, 1987, Loma Gilman observed Kryzsko standing by a light pole on a street corner in Beach. After Kryzsko had remained at the corner for several minutes, Gilman approached Kryzsko and observed that he was holding a baby. Gilman testified that it was a cold and windy day and that she was concerned for the well-being of the baby so she suggested that she take the baby into her house, or that they all go into her house to get out of the cold. Gilman testified that Kryzsko screamed, hollered, swore and called her a kidnapper. Gilman also testified that when the Chief of Police of Beach, Dale Christensen, arrived at the scene, Kryzsko began swearing at Christensen and took a swing at Christensen. Christensen testified that Kryzsko swore at him and that Kryzsko hit him in the face. Paul Thompson, a Beach resident, also testified that he heard Kryzsko swearing at Gilman and Christensen.

Kryzsko raised the affirmative defense of lack of criminal responsibility by reason of mental disease or defect and asserted that at the time of the incident, he was suffering from an insulin reaction which resulted in his lack of capacity to understand the consequences of his conduct. The jury found Kryzsko guilty, and he has appealed.

During oral argument to this court Kryzsko conceded that he was not arguing that he proved his affirmative defense at trial. Instead, he argued that the City failed to produce sufficient evidence to establish that he committed the offense of disorderly conduct.

The North Dakota Supreme Court has said that, in appeals challenging the sufficiency of the evidence, it does not weigh conflicting evidence or judge the credibility of witnesses. *E.g., State v. Matuska,* 379 N.W.2d 273 (N.D.1985). Instead, it views the evidence in the light most favorable to the verdict to see if there is substantial evidence to warrant a conviction, and it will

---

1. The complaint charged that Kryzsko committed the offense of disorderly conduct by:

    "Engaging in a tumultuous or threatening behavior; and in a public place, using abusive, insulting or offensive language, under circumstances in which such language by its very utterance, or gesture, is likely to cause or provoke a disturbance or breach of the peace."

reverse the decision of the trier of fact only if the record presents no substantial evidence to support the verdict. *Id.*

Upon reviewing the testimony of Gilman, Thompson, and Christensen, we believe there was sufficient evidence, when viewed in the light most favorable to the verdict, to establish that Kryzsko committed the offense of disorderly conduct in violation of Section S4–3:(a) and (b) of the ordinances of the City of Beach.

Accordingly, we affirm the conviction.

WILLIAM F. HODNY and EVERETT NELS OLSON, District Judges, concur.