STATE of North Dakota, Plaintiff and Appellee,

v.

Gary Steven FALK, Defendant and Appellant.

Cr. No. 880133CA.

Court of Appeals of North Dakota.

Jan. 17, 1989.

Gerald S. Paulson (argued), Asst. States Atty., Jamestown, for plaintiff and appellee.

William A. Mackenzie (argued), Jamestown, for defendant and appellant.

WILLIAM F. HODNY, District Judge.

Gary Steven Falk appeals from a judgment of conviction for driving while under the influence of intoxicating liquor in violation of Section 39–08–01(1), N.D.C.C.[1]  He

1. Section 39–08–01(1), N.D.C.C., provides:
"1. A person may not drive or be in actual physical control of any vehicle upon a high-

way or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

asserts that the trial court erred in admitting into evidence the results of an Intoxilyzer test given more than four hours after he was driving and that there was insufficient evidence to support the conviction. We affirm.

At approximately 8:30 p.m. on July 21, 1987, Falk and his eight year old son were involved in a one-car rollover about fifteen miles north of Jamestown. Falk testified that he and his son had gone to his deceased father's farm at about 6:00 p.m. to meet a potential renter. Falk testified that he did some yard work and had one beer while he was at the farm. Falk further testified that he was daydreaming on the way back to Jamestown and lost control of the vehicle.

Falk and his son walked to Vern Shelske's farm where Falk called for a ride to Jamestown. Falk conversed with Shelske for about 45 minutes until his ride came, and Shelske testified that Falk appeared excited, wobbly, and uncertain or uncoordinated and that he took a period of time before he responded to questions. Although Shelske testified that he did not smell the odor of alcohol on Falk, he testified that he "suspected" that Falk had been drinking. Falk testified that he arrived at his home in Jamestown at about 9:30 p.m., put his son to bed, and drank vodka until approximately 11:30 p.m. when he went to bed.

Deputy Sheriff Mike Manley and Highway Patrolman Edmund Gruchalla investigated the accident and located Falk at his house sometime after midnight. Both officers testified that they detected the odor of alcohol on Falk and that when Gruchalla asked Falk whether he had had anything to drink since the accident, Falk replied that he had not. Falk testified that he misunderstood Gruchalla's question about whether he had anything to drink after the accident. Falk was arrested for driving while under the influence and given an Intoxilyzer test at 12:49 a.m. on July 22. The test

established that Falk had a blood alcohol concentration of .19.

Falk moved to suppress the results of the Intoxilyzer test, alleging that it was irrelevant because the test was given more than four hours after he was driving. The trial court denied Falk's motion, and the results were admitted into evidence at trial. The trial court concluded that parts of Falk's testimony were obvious fabrications and chose not to believe his version over that of the two officers. The trial court concluded that Falk had not drunk any intoxicating liquor after the accident and that he was under the influence of intoxicating liquor at the time of the accident.

Falk contends that the trial court committed reversible error in admitting the results of the Intoxilyzer test into evidence because the results were not relevant and were also prejudicial and confusing.

The North Dakota Supreme Court has held that the results of a breath or blood test given more than two hours after driving are relevant circumstantial evidence of guilt under Section 39–08–01(1)(b), N.D. C.C. *City of Bismarck v. Preston,* 374 N.W.2d 602 (N.D.1985); *State v. Allery,* 371 N.W.2d 133 (N.D.1985); *State v. Vetsch,* 368 N.W.2d 547 (N.D.1985); *State v. Kimball,* 361 N.W.2d 601 (N.D.1985). In *State v. Allery, supra,* the supreme court reversed a trial court order suppressing the results of a blood-alcohol test given more than two hours after the defendant had driven a vehicle. The supreme court held that the results were admissible as relevant evidence of intoxication under Section 39–08–01(1)(b), N.D.C.C. In *City of Bismarck v. Preston, supra,* the supreme court held that the results of an alcohol-breath test were relevant circumstantial evidence of driving while under the influence even though the defendant claimed that he had consumed alcohol between the time of an accident and the administration of the test

"a. That person has a blood alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving.

"b. That person is under the influence of intoxicating liquor."

and more than two hours had passed between the driving and the Intoxilyzer test.

 In this case the trial court recognized that the Intoxilyzer test was not given within two hours of the accident and did not use the results as conclusive evidence that Falk had more than .10 percent of alcohol by weight. *See* Section 39–08–01(1)(a), N.D.C.C. Instead, the trial court found that Falk had not drunk any intoxicating liquor after the accident and used the results as relevant circumstantial evidence of a violation of Section 39–08–01(1)(b), N.D.C.C., which is permissible under *Allery, supra,* and *Preston, supra.* We conclude that the results of the Intoxilyzer test were properly admitted for that purpose.

 Falk next contends that there was insufficient evidence to sustain the conviction. The North Dakota Supreme Court has said that, in appeals challenging the sufficiency of the evidence, it does not weigh conflicting evidence or judge the credibility of witnesses. *E.g., State v. Matuska,* 379 N.W.2d 273 (N.D.1985). Instead, it views the evidence in the light most favorable to the verdict to see if there is substantial evidence to warrant a conviction, and it will reverse the decision of the trier of fact only if the record presents no substantial evidence to support the decision. *Id.*

In this case the trial court had the opportunity to assess the credibility of the witnesses, including Falk, the law enforcement officers, and Shelske. Upon a review of the record in the light most favorable to the trial court's decision, we conclude that there was sufficient evidence to support the trial court's decision that Falk was driving while under the influence of intoxicating liquor at the time of the accident.

Accordingly, we affirm the conviction.

A.C. BAKKEN, Chief Judge, and EVERETT NELS OLSON, District Judge, concur.