STATE of North Dakota, Plaintiff
and Appellee,

v.

Jonathan MANHATTAN, a/k/a Jonathan
Buckman, a/k/a Cornell Buckman,
a/k/a Steve John, Defendant and Appellant.

Crim. No. 890132.

Supreme Court of North Dakota.

March 27, 1990.

John Tainter Goff (argued), Asst. State's
Atty., Fargo, for plaintiff and appellee.

Bruce D. Johnson (argued), Fargo, for
defendant and appellant.

MESCHKE, Justice.

Jonathan Manhattan appealed from a
conviction for breaking into a vehicle and
taking personal property. We affirm.

On December 21, 1987, an automobile owned by Mary Johnson was broken into on the parking lot of a Fargo nightclub. The driver's side window was smashed and several items Mary had purchased that day were taken, including a bottle of Estee Lauder hand cream, two crystal coffee cups, men and women's cologne, and two pair of nylons. On that same evening, or early on December 22, a pickup owned by John Bower was also broken into while parked in downtown Fargo. Taken from it was a gift box of four coffees.

Bower, who owns the Red River Coffee Company, called the police on December 22, 1987, when Manhattan came to Bower's store to get a refund for the box of coffees that had been stolen the night before. With Manhattan's consent, the police searched his car and discovered a bottle of Estee Lauder hand cream and two crystal coffee cups. Manhattan was charged with two counts of breaking into a vehicle in violation of NDCC 12.1–22–04, both class C felonies. A jury found Manhattan innocent of breaking into Bower's vehicle and guilty of breaking into Johnson's vehicle. Manhattan was sentenced to five years in the State Penitentiary. Manhattan appealed.

■ Manhattan urged that his constitutional rights were violated because the State "deliberately denied Negroes as jurors." In this state, jury selection is carried out under The Uniform Jury Selection and Service Act, NDCC Ch. 27–09.1. NDCC 27–09.1–02 enjoins:

*Discrimination prohibited.* A citizen shall not be excluded from jury service in this state on account of race, color, religion, sex, national origin, physical disability, or economic status.

The statute is neutral. Manhattan did not describe how the State "deliberately" discriminated against black persons in this jury selection. Manhattan has not persuaded us that his constitutional rights were violated in selecting a jury.

Manhattan argued that his constitutional rights were violated (1) because a witness, Diane Schroht, after testifying favorably to him, was arrested in the jury's presence on a charge of issuing a check without suffi-

cient funds, and (2) because the foreman of the jury slept through the trial. There is no evidence in the record supporting either assertion. Manhattan made no objection on either issue to the trial court. An issue not raised below will not be reviewed by this court on appeal unless obvious error occurred. NDRCrimP 52(b); *City of Bismarck v. Nassif,* 449 N.W.2d 789 (N.D. 1989). These issues do not indicate obvious error and we do not decide them.

■ Manhattan asserted that the trial court erred in conducting a certain proceeding during the trial in his absence. The trial took three days. On the morning of the second day, in the judge's chambers, a deputy sheriff asked the court to order Manhattan to wear a leg brace while out of his jail cell and attending the trial. Allegedly, Manhattan was agitated and uncooperative with officers. Manhattan was not present during this in-chamber proceeding. His attorney was present, and objected to the request for the leg brace. The trial court denied the deputy sheriff's request.

In *State v. Iverson,* 187 N.W.2d 1, 41 (N.D.1971), we concluded that although it was error to have excluded the defendant from in-chamber conferences, the defendant was not prejudiced by his absence from those conferences in which the court ruled in the defendant's favor on the subjects discussed. Supposing that Manhattan had a right to attend the in-chamber conference, we hold that he was not prejudiced by his absence because the trial court ruled in his favor on the leg brace subject.

■ Manhattan argued that there was insufficient evidence to prove his guilt beyond a reasonable doubt.

On appeal challenging the sufficiency of the evidence, [the defendant] must show that the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt.

\* \* \* \* \* \*

At the trial court level, circumstantial evidence must be conclusive and must exclude every reasonable hypothesis of innocence; but on the appellate court level, the role of this Court is to merely

review the record to determine if there is competent evidence that allowed the jury to draw an inference "reasonably tending to prove guilt and fairly warranting a conviction." *State v. Jacobson*, 419 N.W.2d 899, 901 (N.D.1988). There was competent evidence of guilt in this case.

Manhattan claimed that he purchased the stolen items found in his possession from an individual named Paul for $20. However, three witnesses implicated Manhattan in breaking into Johnson's auto. Sheila and Mark Beauchene and Brian Hilgers left the nightclub near 11 p.m. on December 21, 1987. Sheila testified that she noticed a car with the front window smashed and saw a black male put something into the back seat of a dirty green car located next to her own car and then speed away, lights off, with a metal bar and key ring lying on the hood of his car. She testified that she thought that the first two letters of the license plate on the car were "AC". Mark also saw the car drive away which he thought was an Oldsmobile Ninety–Eight. Brian testified that he saw the black man's face that night, and several days later Brian was able to positively identify Manhattan's photograph, in a photo lineup, as the person he had seen. On the night of the alleged break-ins Manhattan was driving a 1974 green 4–door Oldsmobile Cutlass automobile with license plate number AZC 178. In addition, the bottle of Estee Lauder hand cream and the two crystal coffee cups found in Manhattan's automobile were identified at the trial as the items that had been stolen from Mary's car. Viewing all of the evidence in this case in the light most favorable to the jury's verdict, as we must, we conclude that there was sufficient evidence to warrant the jury's finding of guilt.

■ Manhattan argued that the trial court abused its discretion by sentencing him to five years of imprisonment. Manhattan was convicted of a class C felony which carries a maximum penalty of five years imprisonment, a fine of $5,000, or both. NDCC 12.1–32–01(4). The trial court has discretion to impose a criminal sentence within the maximum and minimum bounds of the statute. A sentence within the statutory range will not be set aside on appeal unless the trial court substantially relied on an impermissible factor in the sentencing. *State v. Jacobson*, 419 N.W.2d 899 (N.D.1988). There is no indication in this record that the trial court considered an impermissible factor in sentencing Manhattan.

■ Manhattan asserted that he cannot know if the trial court relied on an impermissible factor because the court did not list the reasons for the sentence imposed. The trial court knew that Manhattan had four prior felony convictions. The trial court stated that, in its opinion, rehabilitation of Manhattan was unlikely. Moreover, the trial court filed a statement of reasons for the sentence, placing a check beside factors considered, including that the defendant had a history of prior criminal activity, that the defendant's conduct was a result of circumstances likely to recur, and that the defendant was in need of correctional treatment which could be most effectively provided if the defendant were placed in total confinement. We conclude that the trial court did not abuse its discretion in imposing a sentence of five years imprisonment on Manhattan.

We affirm Manhattan's conviction and sentence.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.