**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Terry Allen RAULSTON, Defendant and Appellant.**

**Cr. No. 910091.**

Supreme Court of North Dakota.

Oct. 7, 1991.

Constance L. Cleveland (argued), Asst. States Atty., Fargo, for plaintiff and appellee.

Mark A. Beauchene (argued), Fargo, for defendant and appellant.

MESCHKE, Justice.

Disputing the sufficiency of the evidence, Terry Allen Raulston appeals from a conviction of operating a motor vehicle while under the influence of alcohol (DUI). We affirm.

Before 2:00 a.m. on December 12, 1990, Terry Raulston drove his car into the ditch off Interstate 94 near West Fargo. A passing motorist picked up Raulston and gave him a ride into West Fargo. At about 2:00 a.m., Raulston entered the Stop–n–Go

Store in West Fargo seeking help to get his car out of the ditch. West Fargo Police Officer Donald Loberg, present there, offered to help him. Loberg and Raulston left in the patrol car, went west to Interstate 94, and looked for the automobile. According to Loberg, Raulston was intoxicated, slurred his speech, had poor balance and difficulty walking, and was not thinking functionally. Raulston was unable to remember the exact location of his car.

When Officer Loberg failed to locate Raulston's car within the West Fargo city limits, he radioed the Cass County Sheriff's Department for assistance. Deputy Michael Grande responded and found the abandoned car a short distance west of West Fargo. Loberg and Grande agreed to meet at the Highway Host motel near the abandoned car.

Grande testified that he observed that Raulston smelled of alcohol and had slurred speech and glassy eyes, after Raulston staggered to Grande's patrol car. Raulston told Grande, too, that while driving alone "he simply drove off the road." Before going to the abandoned car, Grande asked Raulston to do the alphabet-recitation test. Raulston twice failed it. Grande then checked Raulston's license by radio, and discovered that his license was suspended. Grande arrested Raulston for driving under the influence and for driving under suspension, and took him past the abandoned car to the Cass County jail. There, Raulston refused a blood alcohol test. At a trial without a jury, Raulston was acquitted of driving under suspension and convicted of driving under the influence. Raulston appealed.

In reviewing the sufficiency of the evidence, we do not weigh conflicting evidence, nor do we assess the credibility of the witnesses. *State v. Bastien*, 436 N.W.2d 229, 233 (N.D.1989). Raulston argues that neither Loberg nor Grande observed him driving and that the prosecution failed to establish the exact time that he had driven off the road, leaving a gap in time between his driving and his intoxication.

■ Raulston concedes that he was intoxicated. His intoxication was amply evidenced by his mental confusion, his slurred speech, his poor balance and difficulty walking, his bloodshot eyes, and his odor of alcohol. Raulston failed a field sobriety test and refused a blood alcohol test. *See* NDCC 39–20–08. The prosecution contends that Raulston's intoxication combined with circumstantial evidence that he recently drove his car off the road permitted the inference that he was driving under the influence.

■ To successfully challenge the sufficiency of the evidence on appeal, a defendant must convince us that the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt. *State v. Manhattan*, 453 N.W.2d 758, 759 (N.D.1990). A verdict based on circumstantial evidence carries with it the same presumption of correctness as other verdicts, and will not be disturbed upon appeal unless it is unwarranted. *State v. Matuska*, 379 N.W.2d 273, 275 (N.D.1985). At the trial level, circumstantial evidence must be conclusive, excluding every reasonable hypothesis of innocence. *Manhattan*, 453 N.W.2d at 759. But the standard of review on appeal is different. *Id.* On review, we only determine if there is competent evidence that reasonably tends to prove guilt and fairly warrants conviction. *Manhattan*, 453 N.W.2d at 760. Competent evidence fairly warranted Raulston's conviction.

■ At the trial, the State did not prove the exact time of Raulston's driving, but did submit sufficient circumstantial evidence to infer recent driving. Driving conditions that night were poor with blowing snow accumulating in drifts. Deputy Grande testified that, when he took Raulston to identify his car, there were no drifts settled around it, indicating that the car had been there only for a short period of time. This circumstance connects Raulston's driving with his intoxication.

This case is different than *State v. Kaloustian*, 212 N.W.2d 843 (N.D.1973), where this court reversed a DUI conviction because there was no evidence to connect

the defendant's post-driving intoxication to his driving. Unlike *Kaloustian,* no evidence here indicated that Raulston consumed alcohol after leaving his car and before meeting Officer Loberg soon after. *See also City of Bismarck v. Preston,* 374 N.W.2d 602 (N.D.1985). In this case, circumstantial evidence satisfactorily shows that Raulston drove his car off the road only a short time before seeking help in an intoxicated condition.

Viewing this evidence in the light most favorable to the verdict, we conclude that there was sufficient evidence to warrant the conviction. We affirm.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.