**CITY OF FARGO, Plaintiff and Appellee,**

v.

**Jonathan Tesfazghi MAASHIO, Defendant and Appellant.**

**Cr. No. 920176CA.**

Court of Appeals of North Dakota.

Dec. 17, 1992.

Erik R. Johnson, Asst. City Atty., Fargo, for plaintiff and appellee. Submitted on brief.

Cash Hennessy Aaland, Fargo, for defendant and appellant. Submitted on brief.

PER CURIAM.

Jonathan Maashio was convicted of theft in violation of Section 10–0601 of the Fargo Municipal Code. He appealed, alleging that his conviction was not supported by substantial evidence. We affirm.

The complaint charged Maashio with the following criminal conduct:

"... defendant did knowingly take or exercise unauthorized control over the property of Hornbachers, 2501 Broadway, with intent to deprive Hornbachers of two (2) ribeye steaks valued at $5.69 by concealing the item(s), acting in concert with Don Evanson,[1] and did fail to pay for said steaks.

"In Violation of Ord. No. 10–0601 (theft)."

Section 10–0601 of the Fargo Municipal Code states:

"*Commission of theft and shoplifting unlawful.*—The commission of theft and shoplifting defined by chapter 12.1–23 of the laws of the state of North Dakota within the jurisdiction of the city of Fargo is unlawful and prohibited."

Subsection 1 of Section 12.1–23–02, N.D.C.C., provides:

---

1. Maashio refers to his friend as Eric Evenson, and that is the name we will use in this opinion.

*"Theft of property.* A person is guilty of theft if he:

"1. Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another with intent to deprive the owner thereof...."

■ The sole issue raised by Maashio on appeal is that there is not substantial evidence to support his conviction. In *State v. Raulston,* 475 N.W.2d 127, 128 (N.D.1991), the Supreme Court summarized the standard for reviewing a challenge to the sufficiency of the evidence:

"To successfully challenge the sufficiency of the evidence on appeal, a defendant must convince us that the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt. *State v. Manhattan,* 453 N.W.2d 758, 759 (N.D.1990). A verdict based on circumstantial evidence carries with it the same presumption of correctness as other verdicts, and will not be disturbed upon appeal unless it is unwarranted. *State v. Matuska,* 379 N.W.2d 273, 275 (N.D.1985). At the trial level, circumstantial evidence must be conclusive, excluding every reasonable hypothesis of innocence. *Manhattan,* 453 N.W.2d at 759. But the standard of review on appeal is different. *Id.* On review, we only determine if there is competent evidence that reasonably tends to prove guilt and fairly warrants conviction. *Manhattan,* 453 N.W.2d at 760."

When a defendant challenges the sufficiency of the evidence to support a conviction, the appellate court will reverse the decision of the trier of fact only if the record presents no substantial evidence to support the verdict. *State v. Matuska,* 379 N.W.2d 273 (N.D.1985).

■ When viewed in a light most favorable to the verdict, the evidentiary record reveals the following scenario. Maashio and his friend, Eric Evenson, entered the Hornbachers grocery store. Two store security employees, Ryan Alderman and Kyle Patterson, immediately began to observe Maashio and his friend because, according to Alderman's testimony, Maashio was "acting kind of suspicious" and the both of them were "looking around back and forth around the store." Alderman saw Maashio "receive a package of meat from the butcher wrapped in white paper." He then observed Maashio and Evenson enter aisle four and "huddle in close proximity for a few moments and when they came apart, the package of meat was no longer visible." At that time, Patterson focused his attention upon Evenson, and Alderman continued to closely observe Maashio. The two suspects went separate directions before exiting the store. Maashio visited with a female acquaintance for five or ten minutes before leaving the store. Evenson was at that time already in his car with the engine running. Immediately after Maashio exited the store, Alderman approached him and requested Maashio to return to the store to discuss whether he had taken some meat without paying for it. At about the same time, Patterson approached Evenson, who was sitting in the driver's seat of his car, and requested Evenson to go back into the store. Evenson began to exit the car, but when Patterson asked to look in the center console Evenson jumped back into the car and sped away.

In the store, Maashio explained to Alderman that he had agreed to come with Evenson to buy meat for a special recipe that Evenson had asked Maashio to prepare for him. Maashio explained that after he received the meat from the butcher, Evenson told him that he did not have the money to pay for the meat but if Maashio would buy the meat then Evenson "would pay [Maashio] back later." Maashio said that he refused to pay for the meat and that he then "pitched it" onto a shelf. Maashio showed Alderman where he allegedly put the meat in aisle four on a shelf behind a box of crackers, but the meat was not there. The meat was never recovered.

We are convinced, upon reviewing the evidence in the light most favorable to the verdict, that there was substantial evidence to support Maashio's conviction for theft. Alderman observed Maashio receive meat from the store butcher and carry it down aisle four, accompanied by his friend. Alderman and Patterson then observed Maashio and Evenson huddle in close proximity

to each other, after which the meat was no longer in open view. The meat was never paid for, and Evenson fled the premises when he was approached about it. Alderman and Patterson's observations constitute circumstantial evidence that Maashio exercised unauthorized control of the meat with intent to deprive Hornbachers of it. We conclude that there is competent evidence reasonably tending to prove Maashio's guilt and fairly warranting the conviction.

Judgment affirmed.

JOHN T. PAULSON, D.J., DOUGLAS B. HEEN, S.J., and WALLACE D. BERNING, D.J., concur.