**CITY OF MANDAN, Plaintiff and Appellee,**

v.

**Donald HOESEL, Defendant and Appellant.**

**Cr. No. 920251CA.**

Court of Appeals of North Dakota.

March 11, 1993.

Benjamin C. Pulkrabek (argued), Municipal Prosecutor, Mandan, for plaintiff and appellee.

Rodney K. Feldner (argued), of Feldner Law Firm, Mandan, for defendant and appellant.

## PER CURIAM.

Donald Hoesel appealed from a county court conviction of disorderly conduct in violation of a Mandan city ordinance. We hold that Hoesel's conviction did not violate his First Amendment rights of free speech, and we affirm the judgment of conviction.

The facts in this case are not in dispute. On September 29, 1991, the Mandan police were summoned to the parking lot of the Midtowner restaurant, because Hoesel was reportedly intoxicated and had refused to move away from a customer's car that was parked in the lot. Officers Howard Moldenhauer and Gary Malo arrived first. They observed that Hoesel was intoxicated and instructed him to go home. When officer Miles Straabe arrived, Hoesel became agitated and a verbal altercation ensued between Straabe and Hoesel. Hoesel used profanity towards Straabe, stating that he "wasn't going to take any shit." Hoesel then pulled his left hand from his pants pocket and raised his arm. Officer Straabe testified that at that moment he believed Hoesel was going to hit him. Officer Malo also testified that when he saw Hoesel gesture with his left arm he thought that Hoesel was going to strike Straabe. Straabe immediately grabbed Hoesel's left arm and Malo grabbed Hoesel's right arm. They then arrested him for disorderly conduct. Although Hoesel denies that he intended to strike Straabe, he acknowledges the testimony that both officers thought Hoesel was going to strike Straabe when Hoesel gestured with his left arm.

On appeal Hoesel asserts that the decision in *City of Bismarck v. Schoppert*, 469 N.W.2d 808 (N.D.1991), controls this case. Hoesel asserts that his conviction for disorderly conduct, under these circumstances, resulted in an unconstitutional infringement upon his First Amendment rights of free expression. We disagree.

In *Schoppert, supra*, the defendant was convicted of disorderly conduct solely because he used profanity and other abusive language toward the police officers. In reversing the conviction, the North Dakota Supreme Court explained why the conviction unconstitutionally infringed upon Schoppert's First Amendment rights of free expression:

"Here, the instructions given by the trial court allowed the jury to convict if it found Schoppert used abusive language that either (1) tended to incite an immediate breach of the peace or (2) inflicted injury by its very utterance. Only the first option meets the constitutional requirements we have outlined. We cannot sustain a conviction based upon an unconstitutional ground.... This record tells us that Schoppert could only have been convicted for injuring the feelings of the officers, or the chaplain, all or any of them, an unconstitutional ground for a criminal conviction. There is no evidence that Schoppert's language or conduct tended to incite an immediate breach of the peace....

\*   \*   \*   \*   \*   \*

"Schoppert's words were not a clear invitation to fight and the testimony did not demonstrate that these words, spoken to this audience, had any tendency to cause an immediate breach of the peace...." [Citations omitted]. *Schoppert, supra,* 469 N.W.2d at 812–813.

Unlike the circumstances in *Schoppert, supra,* Hoesel was not arrested and convicted for disorderly conduct because he used profanity or other offensive language directed toward the police officers. Instead, Hoesel was arrested and convicted for attempting to strike officer Straabe. Striking out or attempting to hit someone is not protected expression, but rather is physical conduct that can be the basis of a disorderly conduct conviction. *See City of Beach v. Kryzsko,* 434 N.W.2d 580 (N.D.App.1989); *see also State v. Rocky Mountain,* 449 N.W.2d 257 (S.D.1989).

Officer Straabe testified that he was familiar with Hoesel's past drinking behavior and that when Hoesel is drunk "he becomes abusive, unable to even reason with the guy." This knowledge reinforced Straabe's belief that when Hoesel pulled his hand from his left pocket and raised his arm, while agitated and in an intoxicated state, Hoesel was attempting to strike him. Officer Malo reached the same conclusion that Hoesel was attempting to strike officer Straabe. Under these circumstances, we hold that there was sufficient evidence to sustain the conviction and that Hoesel's First Amendment rights of free speech were not infringed.

The judgment of conviction is affirmed.

RALPH J. ERICKSTAD, Chief Surrogate Judge, and BERT L. WILSON, and GORDON O. HOBERG, Surrogate Judges, concur.